# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SANDRA S. ROUDEBUSH,**
**Claimant Below, Petitioner**

**vs.)    No.  11-0898** (BOR Appeal No. 2045294)
(Claim No. 2008039737)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KROGER LIMITED PARTNERSHIP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sandra S. Roudebush, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kroger Limited Partnership, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 9, 2011, in which the Board affirmed an October 25, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 13, 2009, Order denying benefits for left cubital tunnel release. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Roudebush was employed as a cashier with Kroger Limited Partnership when she injured both wrists while trying to price scan a bundle of fire logs on February 3, 2008. The claims administrator ruled the strains/sprains to both Ms. Roudebush's wrist as compensable. Ms. Roudebush has received numerous treatments for her wrists including injections, wrist splints, physical therapy, and left carpal tunnel release. Ms. Roudebush did not complain of pain in her elbow until a later unspecified date. Ms. Roudebush still complains of pain in her left arm, left elbow and both wrists. The objective medical test, EMG/nerve conduction test, mentions symptoms possibly compatible with early carpal tunnel syndrome, but no mention is made of cubital tunnel syndrome or any other elbow injury. Dr. Marsha Bailey conducted an independent medical examination and found Ms. Roudebush to have reached MMI with 1% upper extremity impairment and recommended against having the cubital tunnel release performed, in part, because of the dismal results of the carpal tunnel release.

In its Order, the Office of Judges held that the preponderance of the evidence shows that a left cubital tunnel release is not medically related or reasonably required for the treatment of the claimant's February 3, 2008, injury. The Board of Review reached the same reasoned conclusion in its decision of May 9, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 8, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum